CIURÓ, PLAINTIFF AND APPELLANT, *v.* CIURÓ ET AL.,
DEFENDANTS AND APPELLEES.

### APPEAL from the District Court of Ponce in an Action of Filiation.

#### No. 2719.—Decided April 16, 1923.

FILIATION—ACKNOWLEDGMENT—DISCOVERY OF DOCUMENT—LIMITATION OF ACTION.—A person born on December 11, 1869, can not maintain an action for his acknowledgment as natural child on the strength of a document alleged to have been discovered in August of 1919 wherein the supposed natural father, who died in 1908, acknowledged him as his son. At any time prior to 1902, that is, while the Spanish Civil Code was in force, the finding of such a document would have availed the plaintiff, but not thereafter. The amendment made in 1911 to section 194 of the Civil Code extended the limitation period of actions not barred at the time in case a document establishing the acknowledgment was found subsequently, but it did not revive rights already prescribed.

ID.—ID.—ID.—ID.—*Quaere.*—Whether or not the exhibition of the document to two persons is a publication which excludes the plaintiff from the benefit of the exception.

The facts are stated in the opinion.

*Mr. D. Sepúlveda* for the appellant.

*Messrs. C. Brunet* and *J. Tous Soto* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

As this was a judgment on the pleadings, the averments of the complaint should be taken as true. Therein it appears that towards the end of August, 1919, the complainant became aware of the following writing:

"By the present document I, Cristino Ciuró y Ortega, adult and resident of this district, declare that I have had a natural child by Ana Santiago called Rafael and I desire that at the baptismal

font he should be considered as my acknowledged child bearing my name with the rights that the law accords, said child being born on the 11th of December, 1869, in this parish, and to publish it I sign the present before two witnesses who subscribe at Juana Díaz on the 7th of May, 1870. (Signed with a rubric) Cristino Ciuró. Witness, Osvaldo Goico. Witness, José Rivera.''

After an answer the court rendered judgment for the defendant on the theory that the rights of the complainant, Rafael Ciuró, to bring an action had lapsed (*caducado*) and become extinguished by virtue of section 199 of the Civil Code in connection with rule four of the transitory provisions of that code, and that the Act of March 9, 1911, amending section 194 of the Civil Code did not have the effect of reviving the action, citing cases of this court.

The Act of March 9, 1911, amending section 194 is as follows:

''Section 194.—The action for the recognition of natural children, can only be established during the life of the presumptive parents, and a year beyond their death except in the following instances:

''1.—If the father or the mother shall have died during the minority of the child, in which case the child may bring his action before the first four years of his having attained his majority, shall have elapsed.

''2. If after the death of the father or mother there shall appear a written statement or document, of which no notice was previously had, wherein the child is expressly recognized.

''In this case the action shall be established within the next six months after the document has been discovered.

''The recognition of a child not having the qualifications provided for in paragraph first of section 193 can be disputed by whomsoever may be affected thereby.''

This provision is an exact reproduction of section 137 of the Spanish Civil Code.

The present complaint was filed on the 28th of January, 1920, and as the document as alleged was found at the end

of August, 1919, the action was begun within six months
from the finding of the alleged document.

In *Orta* v. *Arzuaga,* 23 P. R. R. 241, reviewing previous
jurisprudence, we held that a law could not have a retroac-
tive effect. In that case the father had died within a year
before the bringing of the action, the time limited in sec-
tion 194, *supra.* There the child was born in 1874 and
hence was 38 when he brought his action. According to this
court, complainant should have begun his action within two
years after coming of age, in accordance with section 199
of the Civil Code, and we held that the Act of 1911 did not
revive the action. We analyzed the case of *Campbell* v.
*Holt,* 115 U. S. 620, and distinguished it. Previously in *Je-
sús* v. *Succession of Pérez Villamil,* 18 P. R. R. 392, we had
decided the same question, and in *Gual* v. *Bonafoux,* 15 P.
R. R. 545, we held that the prescription of the rights of a
natural child was of a different order from ordinary pre-
scription of debts and could not be interrupted. For a
further discussion the whole case of *Orta* v. *Arzuaga* is apt.
The case at bar is different. Here there is a finding of a
document of which the complainant had no knowledge until
its finding in August, 1919. Perhaps some of our reason-
ing in the previous cases is not applicable, as appellant had
no opportunity in the lifetime of his father to present the
document in question. The said father died on the 30th
of April, 1908. Nevertheless, between 1902 and 1911 the
finding of a document similar to the one in question would
not have availed a natural child if, in accordance with sec-
tion 199 then in force, he had not brought his action within
two years after he came of age.

The complainant here came of age in 1890. If at any
time before 1902 he had found the document, it would have
served his purposes, as section 137 of the Spanish Code was
then in force, but that section was repealed in 1902.

Appellant was born when the Law of Toro was in force.

Under its provisions the action prescribed within twenty years. Hence, if any particular previous legislation is to be invoked, it should be that of Toro rather than section 137 of the old code.

The case is exactly in the same situation as if section 137 of the Spanish Civil Code had never existed. The question is whether by passing the Act of 1911 the Legislature intended to revive rights which had completely expired under previous legislation. We find no evidence of such intention other than the exact language used. Could it be supposed that the Legislature intended that men of mature years, 50 in the instant case, should suddenly have rights against their fathers, family or the estate when in all probability such rights and especially property rights would long since have vested? A stronger reason than *stare decisis* (as in the the case of *González* v. *Benítez* recently affirmed by the Supreme Court of the United States) would prevail and point to a contrary view.

Statutes are given a prospective interpretation. Section 3 of the Civil Code says that laws shall not have a retroactive effect unless they expressly so decree. This section we interpreted in *Orta* v. *Arzuaga* and previous cases to the effect that the Act of 1911 could not revive what had already prescribed. Appellant maintains that he is first given a cause of action now. The cause of action existed before. The proof was lacking. What the Act of 1911 does is to extend the time of actions existing at its passage in case a document should subsequently be found.

Appellees also point out that section 194, as amended, is couched in language somewhat dubious. It says: "If after the death of the father there shall appear a written statement or document . . . ." They maintain that these words can only apply to a document that first comes to light after the death of the father or mother. The document in question was published to two persons in 1870. It was not secret

like a will or a private writing concealed by the parent. We prefer to base our decision on other considerations, but the contention of appellees is not without merit. Nor have we considered whether in this sort of a suit it is necessary to allege the acceptance of the inheritance.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison dissented.